**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**CASSANDRA LOVE**                                                                                         **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 1:18-CV-00181-GHD-DAS**

**AARON'S, INC. AND
XYZ CORPORATIONS 1-10**                                                         **DEFENDANT**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**A. FACTUAL BACKGROUND AND ALLEGATIONS OF THE COMPLAINT**

    **i.**     **Statement of Facts**

Plaintiff, an adult resident domiciled within the State of Mississippi, contracted with the Defendant, a Georgia corporation, for the purchase of a nine piece bedroom suite that was delivered to her home for installation and assembly. **See Exhibit A, Incident Report.** Plaintiff's claims stems from injuries sustained secondary to tripping over a box left on the floor of her poorly lit bedroom by Defendant's employee during the installation process.

Defendant's employees, Dustin Stribling and Kevin Russell, arrived at Love's home after dark to unload, install, and assemble the products. Stribling was an experienced employee that had worked as a product technician for the Defendant for five (5) years before the incident. Russell on the other hand was relatively inexperienced and had only worked for the Defendant for nine (9) months before the incident. Stribling received the benefit of online and on the job training as an employee at Aaron's and was quite familiar with Defendant's safety practices, guidelines, and policies. Stribling described his employer's safety rules, some written and others customary, that should be followed to ensure employee and customer safety as follows:

(1) product deliveries will not be made if the install room is not well lit or "…there is not any light or anything on in the home." **Exhibit B, Stribling deposition, page 25, lines 6-25;**

(2) require the customer to identify where the products are placed and then order the customer to exit the room in order to create and safe work environment. **Exhibit B, Stribling deposition, page 15, lines 13-19;**

(3) remove the products from the boxes in the install room, then remove the boxes from the room to clear the work area and make it safer. **Exhibit B, Stribling deposition, page 20-21, lines 18-25; lines 1-14;** and

(4) "look out for hazards" for the employee and customer, specifically tripping hazards to prevent injury. **Exhibit B, Stribling deposition, page 8, lines 8-25**

(5) prohibit the customer from entering the room during the installation or assembly of products. **Exhibit B, Stribling deposition, page 9, lines 8-25.** The purpose of this common sense policy in effect at the time of the incident is to avoid injury to the customer. **Exhibit B, Stribling deposition, page 10, lines 1-25.**

Upon arrival, Russell was directed by Love to place all of the products into one of the bedrooms at the end of the hallway. The bedroom was unlit except for that provided by the artificial light available from the hallway yet Russell proceeded with the install against company policy. **Exhibit A, Stribling deposition, pages 13-19.** Russell removed the bed from the cardboard box in the bedroom, tossed the box in the doorway, and then began assembling the bed in the dark and unlit bedroom while Stribling continued to unload product for delivery.

Next, according to Stribling, Russell asked Love enter the room to assist with providing additional lighting or other instructions regarding the install. Stribling stated that there was

insufficient lighting in the room to perform the installation.  **Exhibit A, Stribling deposition, page 25.**  According to Love, she entered the room to tell Russell how to positon the bed.  **Exhibit B, Love deposition, page 24.**  As Love was leaving the room, she tripped and fell over the box that Russell left in the doorway.  **Exhibit B, Love deposition, page 24.**

Immediately after the incident, Russell admitted fault/responsibility for the Plaintiff's fall and her injuries to Stribling, his co-worker.  According to Stribling, Russell "…did and admit and say it was his fault…' and "…told me that he laid a piece of cardboard down in the area where he was working at, and she slipped and fell on it."  **Exhibit A, Stribling deposition, pages 18-19.**  Stribling's complete written statement concerning the incident reads as follows:

> I, Dustin Stribling, was with Kevin Russell delivering the bedroom group to Cassandra Love.  While delivering and setting up the merchandise, Kevin was in the bedroom with Cassandra putting the bed together while I was outside unboxing merchandise.  I was in the living room.  I didn't see anything, nor was I nowhere near the room, but I heard a loud noise then I heard somebody fall and heard somebody saying I fell and broke my arm.  I was in the living room and came in the room and saw what happened.  And Cassandra did say she fell and tripped over the cardboard trying to get out of the way.  Again, I was outside and didn't see nothing, but Kevin did admit and say it was his fault.  If he had had the cardboard down when she fell, and she admit she was trying to get out of the way when she tripped over the cardboard box."  **Exhibit A, Stribling deposition, pages 16-19 and Exhibit C, Stribling Statement.**

In sum, Plaintiff tripped and fell over a box that was left in the doorway of a dark room by Defendant's employee in the performance of a task under a contract between Defendant and Plaintiff.

Plaintiff sustained a permanently disabling spiral fracture to her right arm and significant monetary damages secondary to the occurrence.  **See Exhibit D, Final Medical Report.**  As a result of the injury, Plaintiff could not perform the usual and customary acts of her employment as seamstress resulting in an extended period of

occupational disability (16 months).  Plaintiff sustained $27,200 in lost wages attributable to the injury.  In addition, the effects of the injury permanently prevent her from lifting in excess of 10 pounds and prohibit overhead reaching or lifting with the affected arm.

### ii. The Allegations of the Complaint

"On September 22, 2017, the Plaintiff was at her home located at 2347 Hwy 397, Louisville, MS, which is located within the jurisdiction of this Court, while Defendants' employees were present and assembling a bed."  See ¶ 8 Complaint.

"…Defendant, who was performing work on the premises, caused her to sustain bodily injuries due to the existence of a hazardous condition on the premises that was created by the Defendants by and through its employees.  See ¶ 9 Complaint

"…Defendant and its employees were under a duty to exercise reasonable care to ensure that its business activities on the premises did not cause harm to foreseeable invitees on the premises such as the Plaintiff.  See ¶ 17 Complaint.

"Defendants breached the duty of ordinary and reasonable care by failing to adequately and safely conduct inspections and maintenance in conformity with industry standards and negligently failed to maintain the premises in a reasonably safe condition for foreseeable pedestrians such as the Plaintiff which proximately caused the aforesaid hazardous conditions. The aforesaid negligent acts of the Defendant proximately caused the Plaintiff's resulting bodily injuries and damages."  ¶ 18 Complaint.

"Defendants were under a duty to perform its work in a reasonably safe manner."  See ¶ 20 Complaint.

4

"Defendants breached these duties by creating the hazardous condition, failing to correct or warn of the hazardous condition, failing to perform their duties in a reasonably safe manner in accordance with industry standards, failing to maintain the premises in which it performed work in a reasonably safe condition, failing to exercise reasonable care and/or conduct reasonable inspections to ascertain said hazardous condition; and failing to otherwise remedy said hazardous condition despite actual or constructive notice thereof." ¶ 21 Complaint.

"Defendants' breach of these duties was a proximate and contributing cause and/or concurrent cause of the accident and the resulting injuries to the Plaintiff." ¶ 22 Complaint.

### B. APPLICABLE LEGAL STANDARD AND STANDARD OF REVIEW

**1.  Diversity Jurisdiction:**

This civil action was removed from the state court forum under the authority of Title 28 U.S.C. § 1332. This is a diversity action that is governed by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), which provides that a federal court that is hearing state law claims under the auspices of diversity jurisdiction must apply the substantive common law of the state. Therefore, Mississippi substantive law is controlling to the issues presented herein.

In the absence of on point Mississippi law, this Court is required to make an Erie guess as to how the Mississippi Court would decide the question before it. *Gilbane Bldg. Co. v. Admiral Ins. Co.,* 664 F.3d 598, 593 (5th Cir. 2011). The Court's role in making an Erie guess is predictive only insofar as the Court cannot create or modify it. *SMI Owen Steel Co. v. Marsh USA, Inc.,* 520 F.3d 432, 442 (5th Cir. 2008).

**2.     Summary Judgment Standard of Review**:

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc*., 305 F.2d 647, 651 (5th Cir. 1962). Furthermore, the U.S. Supreme Court has stated, that on summary judgment the inferences to be drawn from the underlying facts contained in [evidentiary]

materials must be viewed in the light most favorable to the party opposing the motion," *Lujan* v. *National Wildlife Federation,* 497 U.S. 871, 903 (1990) citing *US. v. Diebold, 369* U.S.654, 655 (1962). (emphasis added).

**3.     Plaintiff's Premises Liability Claim Fails as a Matter of Law**

According to Mississippi substantive law, an invitee is one who goes on the premises of another in answer to the express or implied invitation of the owner or occupant for mutual advantage. *Clark v. Moore Memorial United Methodist Church*, 538 So.2d 760, 763 (Miss. 1989). It is undisputed that Love was injured on her own premises. Therefore, as a matter of law, Love cannot maintain a premises liability claim against the Defendant for injuries she sustained on her property

**4.     Plaintiff's Claim is a Negligence/Tort Action Arising out of Contract**

   i.   Defendant's Duty of Reasonable Care Arises out of Contract

This is a common law <u>negligence action</u> arising out of Defendant's failure to use reasonable care in the performance of a contract that breaches a duty of care in tort. It is well settled under Mississippi substantive law that "Accompanying every contract is a common law duty to perform with care, skill, and reasonable experience, and a negligent failure to observe any of these conditions is a tort as well as a breach of contract. *Gilmore v. Garrett,* 582 So.2d 387, 391 (Miss. 1991) (quoting *Davis v. Anderson*, 501 S.W. 2d 459, 462 (Tex. Civ. App. 1973).

A Mississippi federal district court, has held that "Under Mississippi law, [a] contract creates a reasonable duty of care in fulfilling one's contractual allegations." *Montgomery v. CitiMortgage, Inc.*, 955 F.Supp. 2d 640, 649 (S.D. Miss. 2013). As explained by another Mississippi district court sitting in diversity, "…the tort duty founded on contract is

breached…by causing damages due to carelessness in the performance of the contract. *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F.Supp 3d 627, 638 (N.D. Miss. 2017). Therefore, under Mississippi law, Defendant's careless or negligent failure to perform the contract is simply a negligence claim.

Under Mississippi substantive law, a claim of negligence has four elements: duty, breach, causation, and damages." *Price v. Park Management, Inc.,* 831 So.2d 550 (Miss. Ct. App. 2002). In order to survive the instant motion for summary judgment, Love must demonstrate that a genuine issue of material fact exists regarding the fact that: (a) Aaron's owed her a duty, (b) Aaron breached that duty, (c) damages, and (d) "a causal connection between the breach and the damages, such that the breach is the *proximate cause* of [her] injuries." *Crain v. Cleveland Lodge 1532, Order of the Moose, Inc.,* 641 So.2d 1186, 1189 (Miss. 1994) (citing *Lyle v. Mladinich,* 584 So.2d 397, 398 (Miss. 1991)).

ii. <u>There is a Genuine Issue of Material Fact Concerning Whether Defendant Exercised Reasonable Care in the Performance of the Contract</u>

The sworn testimony of Defendant's experienced employee is sufficient to create a question of material fact as to whether the Defendant failed to exercise reasonable care in the performance of the contract; i.e. the set up and installation of the products purchased by Plaintiff from the Defendant. The evidence conclusively establishes that Defendant's employee deviated from the Defendant's installation policies and procedures by (1) failing to accurately determine product placement before installation; (2) failing to ensure adequate lighting in the work area before installation; (3) failing to remove boxes (tripping hazards) from the work area after unpacking the product in the work area and placing the hazard in the doorway; (4) allowing the

customer to enter an unlit work area with after placing a tripping hazard in the only entry and exit point; (5) failing to "look out for hazards" or remedy a hazard on behalf of employees and customers.

In addition, the employee responsible for the installation admitted fault for the incident to his co-worker. The co-worker's testimony regarding the circumstances giving rise to the incident and the admission against interest provide sufficient context to create a genuine issue of material fact concerning negligence.

A company's own safety regulations can establish the standard of care and basis for liability. *Steele v. Inn of Vicksburg*, 697 So.2d 373, 377 (Miss. 1977)(violation of company's swimming pool safety regulations may create jury issue on negligence); *Hasty v. Trans Atlas Boat, Inc.*, 389 F.3d 510 (5th Cir. 2004)(vessel's violation of company 'zero tolerance' alcohol policy evidence of negligence). It is also axiomatic that evidence of company policy, or "routine practice," is relevant. Evidence of custom and usage may not be the ultimate test of negligence, but is admissible solely for the purpose of assisting the jury, along with other evidence, in determining whether the conduct of a party was that of a reasonably prudent man. *See* 65A C.J.S. *Negligence* § 232 (1966); *Dedeaux v. J.I Case Co., Inc.,* 611 So.2d 880 (Miss. 1992); *Catholic Diocese of Natchez-Jackson v. Jaquith,* 224 So.2d 216 (Miss. 1969).

While evidence of the violation of a company policy or practice is not dispositive on the issue of negligence, it can establish the standard of care. While the delivery and installation of a bed in a residential dwelling is not complicated, the Defendant provides this service to its customers as a part of the contract. Hence, Defendant has created or adopted standard operating

9

procedures that should be adhered to in the furtherance of efficiency and safety. In sum, Defendant's internal policies and procedures could establish the basis for liability and therefore, create a jury question concerning negligence.

Further, even in the absence of the numerous violations of policy and procedure attributable to the Defendant, reasonable minds can differ as to whether Defendant's employee performed the work in a reasonably safe manner under the circumstances. Defendant's employee knew or should have known that he created and exposed the Plaintiff to a tripping hazard under limited visibility conditions that in fact caused her injury. After considering these circumstances, his admission of fault is probative and instructive as to the issue of negligence.

iii. There is a Genuine Issue of Material Fact Concerning Whether Defendant's Negligence Proximately Caused Plaintiff's Injuries and Damages

To prove the element of causation, both cause in fact and proximate cause must be shown. *Patterson,* 910 So.2d at 1019 (citing *Jackson v. Swinney,* 244 Miss. 117, 123, 140 So.2d 555, 557 (1962)). Proximate cause has been defined as "cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." *Patterson,* 910 So.2d at 1019 (quoting *Delahoussaye v. Mary Mahoney's, Inc.,* 783 So.2d 666, 671 (Miss.2001)). Furthermore, to be held liable, a person "need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than the plaintiff's, is the proximate cause of the injury." *Foster v. Bass,* 575 So.2d 967, 992 (Miss.1990) (*quoting Smith v. Dillon Cab Co., Inc.,* 245 Miss. 198, 205-06, 146 So.2d 879, 882 (1962)). In *Tharp v. Bunge Corp.,* 641 So.2d 20, 24 (Miss. 1994), the Court

noted that "our law sets forth the premise that there be more than one proximate cause to a negligent act." *Id.* at 24 (citing *King v. Dudley*, 286 So.2d 814, 817 (Miss. 1973)).

Plaintiff candidly stated that in her estimation, her lack of situational awareness contributed to the occurrence. However, her admission of fault is not conclusive as to the issue of negligence. As the Mississippi Supreme Court has held, "Our rules of civil procedure employ only one device whereby a jury is required to accept as true or false a particular matter. That is, where a party admits a matter is "conclusively established," and the judge will instruct the jury as such. *Canadian Nat'l/Ill. Cent. R.R. v. Hall,* 953 So.2d 1084, 1093 (Miss. 2007) (citing *Miss. Rule Civ. Pro. 36(b)*). In this instance, Plaintiff's admission of fault is not fatal to her claim. It is merely evidence of fault that could be attributed to her or the Defendants under Mississippi's system of comparative fault.

## CONCLUSION

As between the consumer and the seller, the seller in this instance was the party in the best position to take the reasonably necessary acts to guard against foreseeable injury. In short, this was a preventable occurrence. The Defendant had a duty to exercise reasonable care in the performance of the installation process. Unfortunately, Defendant's employee breached the duty of reasonable care by failing to implement the known standards and common sense protocols that if followed, would have likely prevented the occurrence. Therefore, there is more than a "scintilla of evidence" for the trier of fact to conclude that but for the Defendant's failure to implement the recommended safety measures, the tripping hazard encountered by the Plaintiff resulting in her fall would not have existed.

For the reasons and authorities stated herein, Defendant's motion for summary judgment should be denied.

Respectfully submitted, this the 8th day of July, 2019.

CASSANDRA LOVE, PLAINTIFF

BY:    /s/   Yancy B. Burns
           Yancy B. Burns

YANCY B. BURNS, Esq.
***Burns & Associates, PLLC***
Mississippi Bar No. 99128
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone: (601) 487-6997
Facsimile: (601) 487-6958
E-mail: yburns@burnsandassociateslaw.com

**CERTIFICATE OF SERVICE**

I, Yancy B. Burns, counsel for the Plaintiff, do hereby certify that I have this day caused to be served via the electronic filing system, a true and correct copy of the foregoing document upon the following:

George Abdo, Esq.
*gabdo@danielcoker.com*

SO CERTIFIED this the 8th day of July, 2019.

   /s/   Yancy B. Burns
YANCY B. BURNS