UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CASSANDRA LOVE                                                              PLAINTIFF

v.                                                          Civil No. 1:18-cv-00181-GHD-DAS

AARON'S, INC.                                                              DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on defendant Aaron's Inc.'s motion for summary judgment [22]. For the reasons set forth below, the Court finds the motion should be granted.

## I. Background

On September 22, 2017, two Aaron's employees, Dustin Stribling and Kevin Russell, delivered a nine-piece bedroom furniture suite to Love's home. Cassandra Love Depo, Def.'s Mot. for Summ. J., Ex. B [22-2] at 18. When they arrived, Love showed them the location of the bedroom . *Id.* at 19–20. Stribling began unloading boxes from the truck, and Russell began carrying the boxes to the bedroom. Dustin Stribling Depo. Pl.'s Affidavit, Ex. 2, [25-1] at 14. Russell then began to remove the furniture from its cardboard packaging. Love Depo. at 23. While doing so, he apparently took apart one cardboard box and laid it flat on the floor near the entrance to the bedroom. Shortly after, Love entered the bedroom to direct Russell on how to orient the furniture. *Id.* at 19–20. As she turned to leave the room, she tripped on the cardboard box, fell, and broke her arm. *Id.* at 20.

Love then brought this lawsuit against Aaron's asserting both negligence and premises liability causes of action in state court. Aaron's timely removed. After the close of discovery, Aaron's brought the present motion for summary judgment on both causes of action. Love responded and conceded that her premises liability action fails a matter of law, but she contests Aaron's motion on the negligence claim. Pl.'s Resp., Doc 24 at 7. Therefore,

1

the Court will grant Aaron's motion relative to the premises liability claim, and the Court will consider Aaron's motion relative to the negligence claim.

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action'." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir.

2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III. Analysis

Love asserts that Aaron's, through Russell, was negligent. Because this action is in this Court pursuant to its diversity jurisdiction, the Court applies state substantive law. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Under Mississippi law, in order to establish a claim for negligence, Love must show 1) the existence of a duty, 2) breach of that duty, 3) causation, and 4) damages. *Crosthwait v. S. Health Corp. of Houston*, 94 So. 3d 1126, 1129 (Miss. Ct. App. 2011), *aff'd*, 94 So. 3d 1070 (Miss. 2012).

Aaron's argues that it did not owe a duty to Love. Whether a duty exists is a question of law. *Enter. Leasing Co. S. Cent. v. Bardin*, 8 So. 3d 866, 868 (Miss. 2009). "Under Mississippi law, '[a] contract creates a reasonable duty of care in fulfilling one's contractual obligations.'" *Poppelreiter v. GMAC Mortg., LLC*, No. 1:11CV008-A-S, 2011 WL 2690165, at *3 (N.D. Miss. July 11, 2011)(quoting *River Prod. Co., Inc. v. Baker Hughes Prod. Tools, Inc.*, 98 F.3d 857, 859 (5th Cir.1996) (citing *McKinnon v. Batte,* 485 So.2d 295, 298 (Miss.1986))). Aaron's does not dispute that it had a contract with Love to deliver and assemble her furniture. Further, "[a] defendant who creates a hazardous condition has a duty to make safe or warn of that condition; ownership is immaterial." *Patterson v. T. L. Wallace Const., Inc.*, 133 So. 3d 325, 331 (Miss. 2013). Thus, Aaron's owed a duty to Love.

However, Love fails to present evidence that Aaron's breached its duties by creating a dangerous condition and failing to warn or make that condition safe. There is no evidence that the cardboard box by itself is a hazardous condition. Under Mississippi law, small tripping hazards are not "unusually dangerous." *See Patten v. Wal-Mart Stores, Inc.*, No.

3

1:09-CV-257-SA-JAD, 2010 WL 3937957, at *2 & n. 2 (N.D. Miss. Oct. 5, 2010)(applying Mississippi law)(collecting cases where courts have found small hazards are not hazardous conditions). The fact that Love tripped over the flat cardboard box is insufficient, by itself, to establish that the box was unreasonably dangerous. *Id.* at *2 * n. 1.

Inadequate lightning combined with a tripping hazard, can, in some cases, constitute a dangerous condition. *See Woten v. Am. Nat. Ins. Co.*, 424 F. App'x 368, 370 (5th Cir. 2011) (applying Mississippi law). In her response, Love asserts that the room was not well-lit. There is no record evidence, however, that inadequate lighting contributed to her fall. Love points to the testimony of Stribling—who was not in the room when the fall occurred—who stated that he believed the lighting in the room was not sufficient. Stribling Depo. at 25. However, Love never testified that the room was poorly lit, and in fact, she admitted that box was visible. Love Depo. at 40. She further admitted that it was her inattentiveness, and not the lightning, that kept her from seeing the box. *Id.* Finally, during discovery, Love attempted to recreate the condition of the room as it was when she fell and provided photographs documenting that condition. Photographs, Def. Mot. for Summ. J., Ex. C; Love Depo at 31, 35–36 (testifying that the photos accurately depicted the room at the time of the fall). No reasonable jury could observe these photos and conclude that the room was so dimly lit that the flat box on the floor was not easily visible.

Accordingly, there is no evidence of a hazardous condition. Because there is no evidence that Aaron's, through its employees, breached its duty of care by creating a hazardous condition, or failing to warn Love of it, or to make it safe, Love cannot establish an essential element of her negligence claim. Accordingly, summary judgment must be granted in Aaron's favor.

## IV. Conclusion

The Court finds there is no evidence that Aaron's created a hazardous condition which caused Love's fall. Accordingly, the Court grants summary judgment in favor of Aaron's.

4

An order in accordance with this opinion shall issue.

This, the 4th day of September, 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE